IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VINCENT BIAGAS,

      Plaintiff,                    No. CIV S-07-0724 LKK EFB P

    vs.

CSP - SACRAMENTO, et al.,

      Defendants.           ORDER

_____/

       Plaintiff is a state prisoner without counsel prosecuting a civil rights action. *See* 42 U.S.C. § 1983. He seeks leave to proceed *in forma pauperis*. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

       Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

       Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the $350 filing fee. *See* 28 U.S.C. § 1914(a). Plaintiff must make monthly payments of 20 percent of the preceding month's income credited to his trust account. 28 U.S.C. § 1915(b)(2). The agency having custody of plaintiff shall forward payments from plaintiff's account to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fee is paid.

       The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and finds it does not state a cognizable claim against any defendant. To proceed, plaintiff must file an

1

amended complaint.

Any amended complaint must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)."); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).

Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

Plaintiff must eliminate from plaintiff's pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El*

*v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases).

A district court must construe pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

Plaintiff alleges that he is subject to "two kinds of torcher (sic), physical and mental prisoner abuse disciplinary treatment for nothing," and retaliation, and that at some unspecified time he was "in prison and/or in an isolated cell is subjected (sic) to severe degree of security with prison official." He also seems to allege that he is a non-violent three strikes prisoner housed with violent felony offenders.

Section 1983 of Title 42 of the United States Code creates a cause of action against persons who deprive any individual of a right secured to him by the Constitution or laws of the United States while acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Neither states nor their agencies, such as a prison or the California Department of Corrections and Rehabilitation, are persons under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim that the conditions of imprisonment violate the Eighth Amendment prohibition on cruel and unusual punishment, plaintiff must allege a specific individual was deliberately indifferent to some basic human need such as food, clothing, shelter, medical care or safety. *See Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991); *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). A prison official is deliberately indifferent when he knows of and disregards a risk of injury or harm that "is not one that today's society chooses to tolerate." *See Helling v. McKinney*, 509 U.S. 25, 35 (1993); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). To state a claim for retaliation, plaintiff must allege that on a specified date an individual state actor took adverse action against plaintiff for his engagement in a constitutionally protected activity and the adverse action chilled plaintiff's exercise of his rights and did not reasonably advance a legitimate penological goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *Rizzo v.*

1  *Dawson*, 778 F.2d 527, 531-32 (9th Cir. 1985). Plaintiff's allegations are insufficient for the
2  court to discern any claim under these standards.

3  In order to bring an action against a supervisor who did not personally inflict the injury
4  alleged, plaintiff must allege the supervisor (1) caused others to act, or knowingly refused to stop
5  them from acting, knowing or having reasonable cause to know they would inflict injury; (2)
6  approved such conduct and injury after the fact; or (3) so failed to train or control subordinates to
7  avoid such injury as to demonstrate reckless or callous indifference to constitutional injury.
8  *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc); *Taylor v. List*,
9  880 F.2d 1040, 1045 (9th Cir. 1989); *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir.1989);
10 *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978); *see also*, *Jones v. Williams*, 297 F.3d 930,
11 937 & fn. 4 (9th Cir. 2002).

12 The court (and defendant) should be able to read and understand plaintiff's pleading
13 within minutes. *McHenry*, 84 F.3d at 1177. A long, rambling pleading, including many
14 defendants with unexplained, tenuous or implausible connection to the alleged constitutional
15 injury or joining a series of unrelated claims against many defendants very likely will result in
16 delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action
17 pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

18 An amended complaint must be complete in itself without reference to any prior
19 pleading. Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff
20 files an amended complaint, the original pleading is superseded.

21 Plaintiff is admonished that by signing an amended complaint he certifies he has made
22 reasonable inquiry and has evidentiary support for his allegations and that for violation of this
23 rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R.
24 Civ. P. 11. Prison rules require plaintiff to obey all laws, including this one, and plaintiff may
25 be punished by prison authorities for violation of the court's rules and orders. *See* 15 Cal. Code
26 Regs. tit. 15, § 3005.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  *Booth v. Churner*, 532 U.S. 731, 741 (2001).  Plaintiff is further admonished that by signing an amended complaint he certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his action.

Accordingly, the court hereby orders that:

1. Plaintiff's request to proceed *in forma pauperis* is granted.

2. Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The complaint is dismissed with leave to amend within 30 days.  Plaintiff shall file an original and one copy of the amended complaint, which must bear the docket number assigned to this case and be titled "First Amended Complaint."  Failure to file an amended complaint will result in a recommendation this action be dismissed for failure to state a claim.  If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

Dated:   May 14, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5