IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VINCENT J. BIAGAS, SR.,

      Plaintiff,                         No. CIV S-07-0724 LKK EFB P

     vs.

CSP SACRAMENTO, et al.,

      Defendants.         ORDER

_____/

     Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On May 20, 2009, he filed a motion for leave to file an amended complaint and a proposed amended complaint. As explained below, judgment in this action was entered nearly one-and-a-half years ago. Plaintiff has not obtained relief from the entry of that judgment and the current motion is denied.

     This action was transferred to this court on April 16, 2007. The court undertook the statutorily required review and dismissed the complaint with leave to amend. *See* 28 U.S.C. § 1915A. In that order, the court explained that to state a claim, plaintiff must allege that a particular defendant in some way violated his rights. Dckt. 6. The court also outlined standards for stating various causes of actions that his nearly unintelligible allegations implicated, and explained that the court could not discern any claim under those standards. *Id.* The court

dismissed the claim with leave to amend within 30 days.  Despite obtaining from the court four extensions of time to file an amended complaint, plaintiff failed to do so.  Thus, on October 17, 2007, the court found that plaintiff failed to state a claim for relief and recommended that this action be dismissed.  Dckt. 24.  Plaintiff filed objections.  The district judge considered the objections and the record in detail, and found that plaintiff failed even to attempt to cure the deficiencies of his complaint.  Dckt. 30.  Thus, on December 13, 2007, the district judge adopted the findings and recommendations in full and dismissed this action.  Also on that date, the Clerk of the Court entered judgment.

On January 3 and 10, 2008, plaintiff filed motions to amend the complaint, which the district judge construed as motions to vacate the judgment.  Dckt. 36.  After considering the motions, the district judge found that the judgment should not be vacated and denied plaintiff's motions.  On May 20, 2009, plaintiff filed a motion to amend his complaint and a proposed amended complaint.

It is clear from the procedural history of this case that the court has given plaintiff every conceivable opportunity under the Federal Rules of Civil Procedure to file an amended complaint that stated cognizable claims for relief.  This court is cognizant the lenity allowed a plaintiff confined to prison who seeks to challenge the conditions of his confinement.  *See* 28 U.S.C. § 1915A.  However, the court *did* examine in detail the plaintiff's initial complaint, explained its deficiencies and provided ample opportunity to cure those deficiencies, including construing improperly filed motions to file an amended complaint as motions to vacate the judgment under Rule 60(b).  Now, one year and three months after the denial of Rule 60(b) relief, plaintiff attempts to invoke Rules 15(a) and 19(a) as grounds to file an amended complaint.  Dckt. 38.  There simply is no authority to support his current motion and it is accordingly denied.

////

////

1  The court notes that it will issue no response to future filings by plaintiff in this closed
2  action that are not authorized by the Federal Rules of Civil Procedure or Federal Rules of
3  Appellate Procedure.
4  So ordered.
5  Dated: August 4, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE